## A04A0334. THOMAS v. THE STATE.
(598 SE2d 913)

RUFFIN, Presiding Judge.

A jury found Quintlyn Oshea Thomas guilty of theft by taking. Thomas appeals, contending that the trial court erred in denying his motion for directed verdict and in charging the jury. For reasons that follow, we affirm.

1. Thomas argues that the trial court erred in denying his motion for directed verdict because there was insufficient evidence to prove the intent element of theft by taking. In reviewing the denial of a motion for directed verdict, we construe the evidence in a light most

---

favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

Viewed in this manner, the record shows that Kloak Phang, a former co-worker of Thomas, gave Thomas his car to wash and detail. Thomas promised to have the car back by noon of the same day. When Phang still had not heard from Thomas by 11:00 p.m., he called the police. Phang testified that Thomas never called him with any explanation of what had happened to the car. Also, a shift supervisor testified that Thomas never returned to work following the disappearance of Phang's car.

Thomas testified that he gave the car to a teenager to do the cleaning work, that he was later unable to find the teenager or the car, and that he was embarrassed to call Phang to tell him what had happened. He testified that it was not his intention to deprive Phang of his car. He also testified that he did not return to work because he was taking time off to find the car.

"A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."[2] Thomas was charged with theft by taking in that he "unlawfully [took the] property of another . . . with the intention of depriving the owner of the property." Thomas argues that he was entitled to a directed verdict because the State failed to prove that he intended to deprive Phang of Phang's vehicle at the time he took it; according to Thomas, the evidence showed that any intent he may have had arose *after* the taking, and thus at best the State proved theft by conversion. We disagree.

Intent is a jury issue.[3] The circumstances surrounding the disappearance of Phang's car, including Thomas' failure to call Phang to explain what had happened, and his failure to return to work, permitted the jury to infer that Thomas had the intent to deprive Phang of the vehicle at the time he took it.[4] Consequently, the evidence was sufficient to support the jury's finding of guilt, and the trial court did not err in denying Thomas' motion for directed verdict.[5]

2. Thomas, citing our decision in *Spray v. State*,[6] also argues that the trial court erred in failing to charge the jury "that it must find

---

[1] See *Clark v. State*, 275 Ga. 220, 221 (1) (564 SE2d 191) (2002).

[2] OCGA § 16-8-2.

[3] See *Shaw v. State*, 247 Ga. App. 867, 872 (3) (b) (545 SE2d 399) (2001).

[4] See id.

[5] See id.

[6] 223 Ga. App. 154 (476 SE2d 878) (1996).

Thomas' intent to have existed at the time he acquired possession of the car." The record indicates that the trial court correctly charged the jury that

> a person commits the offense of taking when he unlawfully takes the property of another *with the intention of depriving him of the property* regardless of the manner in which the property is taken.[7]

Where, as here, the trial court gives such an instruction and further charges the jury that intent is an essential element of the crime, there is no basis for reversal.[8] Accordingly, we find no error.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED APRIL 27, 2004.

*Mary Erickson*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Bruce D. Hornbuckle, Assistant District Attorneys*, for appellee.

---

[7] See OCGA § 16-8-2.

[8] See *Spray*, supra at 156 (1).