A05A0466. SADBERRY v. THE STATE.
(614 SE2d 885)

MIKELL, Judge.
Grady Chris Sadberry was indicted for burglary (two counts) and theft by taking a motor vehicle. A jury acquitted him of the burglary charges but found him guilty of theft. In his sole enumeration of error, Sadberry contends that the evidence is insufficient to support his conviction. We disagree and affirm.

> On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the [s]tate's case, the verdict will be upheld.[1]

---

[1] (Footnote omitted.) *Moore v. State*, 254 Ga. App. 134 (561 SE2d 454) (2002).

Viewed in its proper light, the evidence adduced on the theft charge shows that on May 4, 2003, Cairo Police Department Investigator Wandell Asbell was called to the office regarding a report of a burglary at the city's landfill. Two witnesses awaited Asbell at the police department, Rufus Hardy and Timothy Brown. The men work for the city's cemetery department; Hardy is Brown's supervisor. Brown advised Asbell that while at a roadside restaurant called "Big Worm and Cookies," Brown saw Sadberry drive up in a truck owned by the City of Cairo. Asbell explained that the truck, a red Ford F-150 pickup truck, had been used by the fire department but was eventually handed down to the city's landfill division.

Brown immediately recognized the truck. When he walked over to it, Brown saw an air conditioner in the back of the truck. Also, Sadberry tried to sell some two-way radios to customers at the restaurant. Brown told Hardy, and the two men decided to ride by the landfill before they reported this information to the police. At the landfill, Brown and Hardy saw that the air conditioner was missing from the office and that the red truck was gone. The men started to drive to the police department. En route, they saw Sadberry driving the red truck. While Asbell was interviewing Brown and Hardy at the police station, another officer recovered the truck. It had been abandoned, and none of the items that had been reported stolen were in it. Both Brown and Hardy testified that they saw Sadberry driving the truck. Gene Herschel Phillips, a supervisor at the landfill, identified a photograph of the truck. He testified that the truck was kept behind a locked fence; that when he arrived at the landfill on the night of the incident, the chain on the lock had been cut and the truck was missing; and that Sadberry was not authorized to enter the landfill when it was locked up.

"A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."[2] Sadberry argues that there was no evidence which showed either that he unlawfully took the truck or that he intended to deprive the city of its property. We disagree. First, testimony that Sadberry was not authorized to access the locked landfill from which the truck had been taken, coupled with the testimony of witnesses who observed Sadberry driving the vehicle on the night in question, permitted the jury to infer that he unlawfully took the truck as

---

[2] OCGA § 16-8-2.

alleged in the indictment.[3] Second, intent is a jury question.[4] The circumstances which showed the unlawful taking, in addition to testimony that Sadberry was selling certain items out of the truck, allowed the jury to infer the requisite criminal intent to deprive the city of its property. Consequently, the evidence suffices to authorize the jury's finding, beyond a reasonable doubt, that Sadberry committed the offense of theft by taking a motor vehicle, as alleged in the indictment.[5]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MAY 11, 2005.

*Billy M. Grantham*, for appellant.
*J. Brown Moseley, District Attorney, Richard L. Parker, Charles M. Stines, Assistant District Attorneys*, for appellee.

---

[3] See generally *Buckner v. State*, 253 Ga. App. 294-295 (1) (558 SE2d 823) (2002) (defendant was seen driving stolen vehicle and his fingerprint was found on it; evidence sufficed to sustain conviction under OCGA § 16-8-3).

[4] *Thomas v. State*, 267 Ga. App. 192, 193 (1) (598 SE2d 913) (2004).

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).