A06A1923. FRANKLIN v. THE STATE.
(636 SE2d 114)

PHIPPS, Judge.

Following the denial of his motion for new trial, Elliott Franklin appeals his convictions of possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and obstruction of an officer. He contends that the trial court erred in denying his motion to suppress the cocaine and marijuana, because their seizure from him was the product of an illegal arrest. He charges trial counsel with ineffective assistance in failing to object to admission of the cocaine based on the state's failure to establish an adequate chain of custody. Finding no error in the court's denial of Franklin's motion to suppress or in counsel's failure to raise a chain-of-custody objection, we affirm.

During the evening hours of May 20, 2000, City of Covington Police Lieutenant Phillip Bradford was in his patrol car waiting at an intersection when he saw Franklin crossing the street in front of him riding his bicycle. Bradford and Franklin knew each other, usually encountered one another several times daily, and normally exchanged greetings. Bradford found Franklin's behavior unusual on the day in question, because he looked straight ahead and thus avoided making eye contact with him after noticing the patrol car. As Bradford pulled away, he looked in his rear view mirror and saw that Franklin was looking over his shoulder at him. Bradford turned his patrol car around and, when he next passed Franklin, Franklin rode his bicycle onto someone's lawn, stopped, and began to watch him.

At about that time, Bradford received a radio broadcast informing him that a burglar alarm had gone off at a nearby automotive store. Officers dispatched to the store found nothing amiss and left the scene. A few minutes later, Bradford was driving behind a liquor store next to the automotive store and saw bicycle reflectors going down the railroad tracks. Bradford parked his patrol car, went to investigate, and saw Franklin pushing his bicycle along the railroad tracks toward him. As Franklin approached Bradford, he told him that the tire on his bicycle was flat and asked him to feel it. Bradford asked Franklin what he had been doing and where he had been. But instead of responding to the questions, Franklin repeated what he

had said about his bicycle tires. Bradford repeated his questions. Franklin repeated his nonresponsive answer. Because Franklin was thus behaving oddly, and acting extremely nervous, Bradford asked him to step away from the bicycle. At about that time, Officer Carlos Byrd arrived on the scene.

Bradford then told Franklin that a burglar alarm had recently gone off in the vicinity and that he was going to pat him down to ensure that he was not in possession of any weapons. As Bradford began to walk toward Franklin, Franklin attempted to flee. He was, however, subdued by Bradford and Byrd, with the assistance of other officers. During the struggle, Franklin struck Bradford and injured him. Byrd searched Franklin incident to his arrest. In his pants pocket, he found a pill bottle containing 89 rocks of crack cocaine and a smaller amount of powder cocaine wrapped in plastic; the total weight was 11.67 grams. He also found a plastic baggy containing 26 smaller baggies of marijuana weighing 70.7 grams or approximately two and one-half ounces.

The cocaine and the pill bottle and plastic wrapping in which it was found were admitted in evidence as state's Exhibit 2. The marijuana and the plastic baggies in which it was found were admitted in evidence as state's Exhibit 3. Byrd testified that he gave the cocaine and marijuana to Bradford at the arrest scene after finding them in Franklin's pants pocket. Bradford testified that he took the cocaine and marijuana to police headquarters, placed them into sealed evidence bags, and deposited the bags into a locked container in the evidence room. Together, Bradford and Byrd put identifying information on the evidence bags and affixed their re-spective signatures and initials. They both identified state's Exhibits 2 and 3 as the evidence they had processed in this case.

Patty Parham, a former Covington Police Department crime scene technician, testified that she retrieved state's Exhibit 3 from the lockbox in the evidence room of the police station and determined that it was marijuana by testing it. She then resealed it and placed identifying information on it. Deneane Scott, a forensic chemist for the State Crime Lab, testified that pursuant to routine procedure state's Exhibit 2 had been placed in the lockbox in the State Crime Lab and then turned over to a receiving technician, Mandy Walker. Walker assigned state's Exhibit 2 to State Crime Lab forensic chemist Beth Rightly for testing and to Scott for retesting. After testing and retesting the cocaine, each forensic chemist also resealed it and placed her initials on it. Parham and Scott identified state's Exhibits 2 and 3, respectively, as containing the substance or substances they had tested and then re-secured. Scott identified her initials and those of Rightly. Neither Walker nor Rightly testified, however. And no evidence was presented showing who transported state's Exhibit 2

from the Covington Police Department to the State Crime Lab or who received it at the State Crime Lab.

1. The trial court did not err in denying Franklin's motion to suppress.

Bradford's observation of Franklin's unusual, evasive behavior — coupled with his ensuing confrontation of Franklin in an area where a burglar alarm had been activated, followed by Franklin's refusal or inability to respond to questions as to his conduct and whereabouts — provided a particularized and objective basis for suspecting that Franklin was engaged in wrongdoing, such that the officer's attempt to undertake a weapons pat-down incident to a *Terry*-type investigative detention was neither arbitrary nor harassing.[1] Once Franklin was subdued after attempting to flee the scene, at the very least there was probable cause to arrest him for obstruction of an officer. Thus, seizure of the cocaine and marijuana was not the product of an illegal arrest.

2. Franklin's trial attorney was not ineffective in failing to raise a chain-of-custody objection to state's Exhibit 2.

> To show a chain of custody adequate to preserve the identity of fungible evidence, the State must prove with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The State is not required to foreclose every possibility of tampering; it need only show reasonable assurance of the identity of the evidence. We review the trial court's decision on the adequacy of the chain-of-custody evidence under an abuse-of-discretion standard.[2]

We have recognized that where, as here, there is no affirmative evidence of tampering or substitution, a missing link in the chain of custody does not alone require exclusion of the evidence.[3] Thus,

> where the testimony shows that the police placed the substance in a tamper-proof identifiable container and that the crime lab [or other] technician who tests the substance received it in the same container with no proof of tampering

---

[1] See generally *State v. Stansbury*, 234 Ga. App. 281, 283 (505 SE2d 564) (1998) and *Evans v. State*, 183 Ga. App. 436, 438-439 (2) (359 SE2d 174) (1987), cited in *State v. Ledford*, 247 Ga. App. 412, 415-416 (1) (b) (543 SE2d 107) (2000) (physical precedent only); compare *Crowley v. State*, 267 Ga. App. 718 (601 SE2d 154) (2004) with *Holmes v. State*, 252 Ga. App. 286 (556 SE2d 189) (2001).

[2] *Maldonado v. State*, 268 Ga. App. 691, 691-692 (1) (603 SE2d 58) (2004) (citations and punctuation omitted).

[3] See id. at 693-694; *Wilson v. State*, 271 Ga. App. 359, 362-363 (2) (b) (609 SE2d 703) (2005).

or substitution, the State has met its burden of showing with reasonable certainty that the substance tested was the same as that seized.[4]

Testimony presented by the state also showed that here, an adequate chain of custody was established authorizing the admission of state's Exhibit 2.[5] Counsel was not ineffective, therefore, in failing to make an objection lacking in merit.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 31, 2006.

*Thomas O. Humphries, Jr., James E. Millsaps*, for appellant.
*W. Kendall Wynne, Jr., District Attorney*, for appellee.

---

[4] *Maldonado*, supra at 694 (citation omitted).
[5] See id.; compare *Wilson*, supra.
[1] OCGA § 9-11-56 (c).