### A10A0155. COFIELD v. THE STATE.
(695 SE2d 696)

PHIPPS, Presiding Judge.

Randy Cofield was tried and convicted in Clayton County for theft by taking and obstruction of an officer in connection with his failure to return a rental vehicle. Cofield appeals, contending that

the state failed to prove: (1) venue as to the theft by taking charge; (2) intent as to the theft by taking charge; and (3) obstruction of an officer. The arguments are without merit, so we affirm the convictions.

1. "Generally, a criminal action must be tried in the county in which the crime was committed, and the [s]tate may establish venue by whatever means of proof are available to it, including direct and circumstantial evidence."[1] In theft by taking cases, venue lies in any county in which the accused exercised control over the property.[2] Cofield claims there was no evidence that he exercised control over the vehicle in Clayton County. We disagree.

On appeal, we view the evidence in a light most favorable to the prosecution and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted.[3]

So viewed, the evidence shows that Cofield rented a Jeep Cherokee from Enterprise Rent-A-Car in Henry County in March 2008. Cofield agreed to make payments each week for as long as he rented the vehicle. He stopped making payments in mid-April but did not return the rental car. On May 23, 2008, Enterprise reported the vehicle as stolen to police.

On July 2, 2008, a police officer was on patrol in Clayton County when he received a bulletin telling officers to be on the lookout for the Jeep, which had been reported as stolen. After spotting the vehicle and verifying that its license plate matched the one identified in the bulletin, the officer followed it. The driver, Torin Jones, parked the car in a driveway of a Clayton County residence, got out of the car, and started walking toward the residence. The officer took Jones into custody. Cofield, who had been sitting in the back seat of the Jeep, got out of the car and ran. The officer told Cofield to stop, but he kept running. Additional officers arrived and found Cofield in a tree in a wooded area. When Cofield came down from the tree, he gave officers a false name.

After being read his *Miranda* rights, Cofield said that he fled because he thought the officers were conducting a "drug bust." Cofield stated that a friend had stolen the rental car from him and he had been trying to get the vehicle back so he could return it to Enterprise.

---

[1] *Schofield v. State*, 261 Ga. App. 70 (582 SE2d 11) (2003).

[2] OCGA § 16-8-11.

[3] *Schofield*, supra.

Cofield elaborated upon this statement at trial, testifying that his friend, Susan Brewington, "took" the vehicle from him. He said that at the time, he "wasn't under the impression that she was stealing it. . . . It was later on that I realized that she wasn't planning on . . . returning the vehicle." Cofield attempted to recover the vehicle, but he had not been able to find it. Cofield testified that he was told that Brewington and the Jeep were at a nearby Clayton County gas station. He walked to the gas station and saw Jones sitting in the driver's seat and Brewington sitting in the passenger's seat of the vehicle. Cofield got into the back seat and began arguing with Jones and Brewington. Brewington left. Jones told Cofield that he had paid Brewington "for a ride." Cofield told Jones, "just get where you're going, I have to return this vehicle." When asked at trial why he had allowed Jones to drive the car, Cofield replied, "I was just trying to get this resolved. If it meant him driving to where he was going, so be it. Just get there so I can go and return this vehicle."

We are unconvinced by Cofield's argument that the evidence showed that he was merely a passenger in the Jeep. Although Cofield was not driving when police spotted the vehicle, the vehicle had been leased to him, not to the driver. And, even by Cofield's account, he got into the vehicle in Clayton County to get the car back from his friend so he could return it to Enterprise. Cofield remained in the car while he allowed Jones, who had paid "for a ride," to drive the vehicle to his destination. A rational trier of fact could have found from the evidence that Cofield exercised control over the Jeep in Clayton County, and that venue was proved beyond a reasonable doubt.[4]

2. Cofield contends there was insufficient evidence to prove the intent element of theft by taking. We disagree.

A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property.[5] Intent is a question for the finder of fact.[6] Intent may be proved by circumstantial evidence, by conduct, demeanor, motive, and all other circumstances.[7]

The circumstances of this case — including Cofield's failure to either pay for the vehicle or return it for months after he stopped paying, his failure to call the police or Enterprise to report the car stolen, his failure to call police when he saw in the vehicle the person

---

[4] OCGA § 16-8-11.
[5] OCGA § 16-8-2.
[6] See *Romano v. State*, 233 Ga. App. 149, 152 (2) (503 SE2d 380) (1998).
[7] *Kennon v. State*, 232 Ga. App. 494, 496 (3) (502 SE2d 330) (1998).

he claimed was the real thief, his flight upon approach by police, and his giving a false name to police — permitted a rational trier of fact to infer that Cofield intended to deprive Enterprise of its property.[8] The evidence was sufficient under the standard of *Jackson v. Virginia*[9] to authorize the finding that Cofield was guilty of theft by taking.[10]

3. Without stating his basis therefor, Cofield challenges the sufficiency of the evidence to support the obstruction of an officer charge. The argument is without merit.

A person commits the offense of obstruction of an officer when he knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties.[11] Flight after a lawful command to halt constitutes obstruction of an officer.[12]

Here, based on a report that the vehicle Cofield was riding in had been stolen, the officer had a reasonable and articulable suspicion of criminal activity and was authorized to make a brief investigatory detention of Cofield to determine his identity or maintain the status quo momentarily while obtaining more information.[13] But Cofield ran and, when told by the officer to stop, he kept running. And he was hiding in a tree when he was finally apprehended. A rational trier of fact could have found from the evidence that Cofield committed the crime of obstruction of an officer.[14]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED MAY 24, 2010.

*David J. Walker*, for appellant.
*Tracy Graham-Lawson, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.

---

[8] See *Thomas v. State*, 267 Ga. App. 192, 193 (1) (598 SE2d 913) (2004).
[9] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[10] See *Thomas*, supra.
[11] OCGA § 16-10-24 (a).
[12] *Johnson v. State*, 264 Ga. App. 889, 892 (2) (592 SE2d 507) (2003).
[13] See generally *Spence v. State*, 295 Ga. App. 583, 585 (672 SE2d 538) (2009).
[14] See *Johnson*, supra.