# Court of Appeals
# of the State of Georgia

ATLANTA,   May 16, 2014

*The Court of Appeals hereby passes the following order:*

## A14A1607, A14A1608.  ELLIOTT JAY FRANKLIN v. THE STATE.

In 2002, Elliott Jay Franklin was convicted of possession of cocaine and marijuana with intent to distribute and obstruction of an officer.  We affirmed his convictions on appeal.  *Franklin v. State*, 281 Ga. App. 409 (636 SE2d 114) (2006). We rejected Franklin's argument that the trial court had erred by denying his motion to suppress, holding that his *Terry*-type detention had been justified under the circumstances.  Id. at 411 (1).

Elliott later filed a motion to amend his motion to suppress and two motions to vacate a void conviction and sentence.  The trial court denied all three motions. In Case No. A14A1607, Franklin appeals the denial of his motion to amend his motion to suppress and the denial of his first motion to vacate.  In Case No. A14A1608, Franklin appeals the denial of his second motion to vacate. We, however, lack jurisdiction.

In his motion to amend his motion to suppress, Franklin made the same argument that we rejected in his direct appeal – that the state lacked reasonable suspicion for the *Terry*-type stop.  "It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court." (Citation and punctuation omitted.)  *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011).  We are therefore "precluded from revisiting the issue presented by this appeal."  Id. at 328.

We are also precluded from reviewing the issues raised in Franklin's motions to vacate.  "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686

SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991).

In his first motion to vacate, Franklin complained that the prosecutor had failed to disclose exculpatory evidence, that his conviction rested on perjured testimony, that there was insufficient evidence of his guilt, and that his motion to suppress should have been granted. In his second motion to vacate, Franklin reiterated some of these arguments, and he also questioned the sufficiency of the indictment. All of these challenges relate to the legitimacy of Franklin's convictions, not his sentence. Because Franklin may not attack his convictions at this juncture and did not assert a colorable void-sentence claim, these appeals are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/16/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*