# Court of Appeals
# of the State of Georgia

ATLANTA,  October 07, 2015

*The Court of Appeals hereby passes the following order:*

## A16A0031.  ELLIOTT JAY FRANKLIN v. THE STATE.

In 2002, Elliott Jay Franklin was convicted of possession of cocaine and marijuana with intent to distribute and obstruction of an officer.  We affirmed his convictions on appeal.  *Franklin v. State*, 281 Ga. App. 409 (636 SE2d 114) (2006).  Elliott later filed a motion to amend his motion to suppress and two motions to vacate a void conviction and sentence.  The trial court denied all three motions.  In Case No. A14A1607, Franklin appealed the denial of his motion to amend his motion to suppress and the denial of his first motion to vacate.  In Case No. A14A1608, Franklin appealed the denial of his second motion to vacate.  We dismissed both appeals in May of 2014.

In June of 2015, Franklin filed a request for declaratory judgment and injunctive relief.  Despite its nomenclature, Franklin's latest filing was a challenge to the validity of his convictions.  As we advised Franklin in our order dismissing his earlier appeals, the Supreme Court has explained that a post-conviction motion to vacate an allegedly void conviction is not an appropriate remedy in a criminal case.  See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).[1]  Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Harper*, supra; *Roberts v. State*,

---

[1] The Court has also explained that a criminal defendant seeking to challenge a conviction after it has been affirmed on direct appeal may "file an extraordinary motion for new trial, OCGA § 5-5-41, a motion in arrest of judgment, OCGA § 17-9-61, or a petition for habeas corpus, OCGA § 9-14-40."  *Harper*, supra at 217 (1).

286 Ga. 532 (690 SE2d 150) (2010).  All of Franklin's challenges in his request for declaratory relief relate to the legitimacy of his convictions.  Because Franklin may not attack his convictions at this juncture, however, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___10/07/2015___
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*