# Court of Appeals
# of the State of Georgia

ATLANTA,   February 04, 2016

*The Court of Appeals hereby passes the following order:*

**A16A0805.  ELLIOTT JAY FRANKLIN v. THE STATE.**

In 2002, Elliott Franklin was convicted of possession of cocaine and marijuana with intent to distribute and obstruction of an officer.  We affirmed his judgment of conviction on direct appeal.  *Franklin v. State*, 281 Ga. App. 409 (636 SE2d 114) (2006).  In 2015, Franklin filed an extraordinary motion for a new trial, in which he argued that his conviction and sentence were void for various reasons.  The trial court denied Franklin's motion on November 16, 2015, after which he filed a notice of appeal to this Court.  We lack jurisdiction.

An order denying an extraordinary motion for a new trial must be appealed by application for discretionary review.  OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997).  Thus, Franklin is not entitled to a direct appeal from the order he challenges.  Even if Franklin's motion properly were construed as seeking to vacate a void conviction or sentence, this appeal still would be subject to dismissal.

"It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court, and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases."  *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (citations and punctuation omitted).  In 2014 and 2015, we dismissed Franklin's appeals from the denials of prior motions in which he sought to vacate his conviction and sentence as void, on the ground that the trial court's orders were not appealable.  See *Franklin v. State*, Nos. A14A1607, A14A1608 (May 16, 2014); *Franklin v. State*, No. A16A0031 (Oct. 7, 2015).  We are precluded from revisiting

issues that already have been decided.  See *Ross*, supra at 328.  For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*____02/04/2016____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*