# Court of Appeals
# of the State of Georgia

ATLANTA, May 19, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1505. ELLIOTT JAY FRANKLIN v. THE STATE.**

In 2002, Elliott Jay Franklin was convicted of possession of cocaine and marijuana with intent to distribute and obstruction of an officer. We affirmed his convictions on appeal. *Franklin v. State*, 281 Ga. App. 409 (636 SE2d 114) (2006). In 2016, Franklin filed a motion to vacate, set aside or correct his void judgment and sentence, which the trial court denied. Franklin appeals from the trial court's order, however, we lack jurisdiction.

Franklin has previously appealed from trial court orders denying his motions to vacate. See *Franklin v. State,* Case Nos. A14A1607 and A14A1608, (dismissed May 16, 2014). As we instructed Franklin in the order dismissing those appeals, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991).

In his motion, Franklin challenges the sufficiency of the indictment. His arguments relate to the legitimacy of his convictions, not his sentence. Because Franklin may not attack his convictions at this juncture and did not assert a colorable void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* __05/19/2017__
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*